United States District Court
Southern District of Texas
**ENTERED**
December 02, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RICHARD A. DUNSMORE, | § | |
| TDCJ #01826868, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-93 |
| | § | |
| TDCJ C.T. TERRELL UNIT, *et al*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

The plaintiff in this case has filed an interlocutory appeal. The Clerk of the Court has informed the Court that two pending motions are interfering with the Clerk's ability to comply with the record requirements of the Federal Rules of Appellate Procedure. This order disposes of those motions. The plaintiff is **ORDERED** not to file any more motions with this Court while the interlocutory appeal is pending.

Richard Dunsmore (TDCJ #01826868) is a state inmate incarcerated in the Terrell Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). He has filed a "private criminal complaint" and a voluminous array of other pleadings alleging, as far as the Court can tell, that the air ducts in his unit are expelling dangerous particulate matter originating from the remains of dead animals. The Court construed the "private criminal complaint" as a civil rights complaint and ordered Dunsmore to file an amended complaint using the standard civil rights complaint form and to either pay the filing fee or apply for *in forma pauperis* ("IFP") status (Dkt. 16).

Dunsmore complied with the Court's order by filing an amended complaint and an application for IFP status (Dkt. 17 and Dkt. 18); however, he made clear that he did so under protest because he believes that the Court's characterization of this lawsuit as a civil rights action has deprived him of his right to proceed as a "private attorney general" under the citizen suit provisions of the Clean Air Act. *See* 42 U.S.C. § 7604. Simultaneously with the amended complaint and IFP application, Dunsmore filed a notice of appeal challenging the Court's characterization of the suit (Dkt. 20). Dunsmore has also filed a motion requesting that the Court reconsider its characterization and classify this suit as a Clean Air Act citizen suit (Dkt. 21).

### A. The motion for reconsideration (Dkt. 21)

The Court **DENIES** Dunsmore's request for reconsideration. Dunsmore has not cited any authority supporting his contention that he can bring his lawsuit under the Clean Air Act, and the scant authority the Court could find cuts against him. "Section 7604 permits citizens to commence civil suits in the district court against persons who violate either emission standards or limitations promulgated under various sections of the [Clean Air] Act or orders issued by the EPA or a state concerning those standards or limitations." *Delaware Valley Citizens Council for Clean Air v. Davis*, 932 F.2d 256, 264 (3d Cir. 1991). Dunsmore does not point to a particular emission standard or limitation promulgated under the Clean Air Act; his "expert report," written by another prisoner, never mentions any such standard and, for that matter, never mentions the Clean Air Act (Dkt. 21-1). Dunsmore, whether he likes it or not, has pled a civil rights claim, not a Clean Air Act citizen suit. *See Powell v. Lennon*, 914 F.2d 1459, 1462–64 & n.7 (11th

Cir. 1990) (affirming dismissal of Clean Air Act claim brought by prisoner for exposure to asbestos but reversing dismissal of prisoner's civil rights claim); *Robbins v. Jordan*, No. 5:14-CV-95, 2014 WL 1314939, at *4 (M.D. Ga. Mar. 31, 2014) ("Plaintiff clearly does not seek enforcement of emission standards or limitations as contemplated by the Clean Air Act.").

Dunsmore's primary rationale for trying to sue under the Clean Air Act seems to be his belief that "CITIZENS [sic] SUITS do not require" the payment of a filing fee (Dkt. 20 at p. 2). But Dunsmore is wrong about that anyway—litigants proceeding under the Clean Air Act's citizen suit provisions have to pay a filing fee, though that fee may be reimbursed after a successful suit as part of an award of costs. *See, e.g., Sierra Club v. U.S.E.P.A.*, 625 F.Supp.2d 863, 871–72 (N.D. Cal. 2007).

### B. The IFP application (Dkt. 18)

The Court **GRANTS** Dunsmore's application for leave to proceed IFP in this Court; the Court will issue a separate order setting out the initial partial filing fee and other conditions. However, the Court certifies, pursuant to Federal Rule of Appellate Procedure 24 and the federal IFP statute, that Dunsmore's appeal to the Fifth Circuit is not taken in good faith. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* FED. R. APP. P. 24(a)(3)(A). Under the objective test enunciated in *Coppedge v. United States*, 369 U.S. 438, 445 (1962), an appeal is not taken in good faith if it seeks review of only frivolous issues; and Dunsmore is attempting to appeal from a non-appealable

interlocutory order. An appeal from a non-appealable order is frivolous. *See United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006).

Even though this Court has certified that Dunsmore's appeal is not taken in good faith, Dunsmore has the right to challenge this finding under *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed in forma pauperis on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order. *Baugh*, 117 F.3d at 202. However, the Court notes that, because the Fifth Circuit has assigned a docket number (16-41596) to Dunsmore's appeal, the fee discussed in footnote 22 of the *Baugh* opinion will be assessed in this order, regardless of whether Dunsmore challenges the Court's bad-faith finding. *Branum v. Fontenot*, 288 Fed. App'x 990, 991 (5th Cir. 2008); *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997). Accordingly, the Court further **ORDERS** that the appellate case docketing fee be taken from Dunsmore's prison trust account in accordance with 28 U.S.C. § 1915(b). Based on the certified inmate trust account statement provided by Dunsmore, the Court **ORDERS** that:

1. Dunsmore is assessed an initial partial filing fee of $68.82.

2. Dunsmore shall pay the remainder of the filing fee in periodic installments as required by 28 U.S.C. § 1915(b)(2) until the entire appellate filing fee of $505.00 has been paid. The agency having custody of Dunsmore shall collect the remainder of the appellate filing fee from Dunsmore's trust account or institutional equivalent and forward it to the Clerk of the District Court in compliance with the terms of this Order.

Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk of this Court shall send a copy of this Order to the parties and to the Clerk of Court of the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit docket number is 16-41596.

The Clerk of this Court shall also mail a copy of this Order to (1) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629 and (2) the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711.

SIGNED at Galveston, Texas, this 2nd day of December, 2016.

George C. Hanks Jr.
United States District Judge